# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABID AFRIDI aka SAIFULLAH DURRANI, BOP #90278-022,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil No.   06-2445 JM (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Plaintiff, a federal inmate currently incarcerated at Federal Corrections Institution in Adelanto, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]  In his Complaint, Plaintiff claims that a United States District Judge, a federal prosecutor and his criminal defense attorney all

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Anthony J. Battaglia by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

conspired to coerce him to plead guilty in his criminal proceedings. (Compl. at 5-7.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.      Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, filed after April 8, 2006, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

///
///
///

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing feel. Based upon this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). The $350 balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) as set forth at the end of this Order.

## II.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

First, Plaintiff's Complaint must be dismissed for failing to state a claim as to any named defendant pursuant to 42 U.S.C. § 1983. There is no valid basis for a claim under section 1983, in that Plaintiff's allegations are against federal and "private" officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by persons acting under color of state law. *See Daly-Murphy v. Winston*, 837 F.3d 348, 355 (9th Cir. 1987). Thus, when a plaintiff seeks damages for violation of his constitutional rights by a federal actor, "the only possible action is an action under the authority of *Bivens*." *Id.* In *Bivens*, the Supreme Court granted victims of constitutional violations by federal agents the right to recover damages in federal court. *Bivens*, 403 U.S. at 397.

In Plaintiff's Complaint, he claims that United States District Judge Lorenz conspired with prosecutors and defense attorneys in his criminal matter to coerce Plaintiff into pleading guilty. (Compl. at 5a.) Plaintiff's allegations that his constitutional rights were violated during his criminal proceedings which led to his incarceration are not yet cognizable. In order to recover damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a

showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). The Ninth Circuit has held that the *Heck* rationale applies to *Bivens* actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim for damages challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's false imprisonment claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487; *see also Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998) (holding that *Heck* barred false arrest and false imprisonment claims until conviction was invalidated). Accordingly, because Plaintiff seeks damages for an allegedly "unlawful imprisonment," and because he has not alleged that his conviction has already been invalidated, a *Bivens* claim for damages has not yet

accrued. *See Heck*, 512 U.S. at 489-90.

Furthermore, Plaintiff's claims against United States District Judge Lorenz are barred by absolute immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). In his Complaint, Plaintiff alleges that Judge Lorenz "agreed" with prosecutors that he should be placed in "isoloation" while he was held in a correctional facility pending his plea agreement. (Compl. at 5a.) "[A]bsolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)). Here, Plaintiff has not alleged any facts which show how or why an order to place Plaintiff in administrative segregation was not judicial in nature, or how it was one taken "in absence" of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57, 360 (1978)

Therefore, as a United States District Court Judge, Lorenz has absolute immunity from civil proceedings relating to these actions, which were performed within his judicial discretion. Moreover, judicial immunity also bars declaratory and injunctive relief against federal judges in a *Bivens* action. *See Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993).

To the extent that Plaintiff is alleging that he was denied his right to due process when he was placed in administrate segregation ("Ad-Seg"), he has failed to state a claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due

1  Process Clause of the Fourteenth Amendment only if he alleges a change in confinement
2  that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents
3  of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th
4  Cir. 1997).

5  In this case, Plaintiff has failed to establish a liberty interest protected by the
6  Constitution because he has not alleged, as he must under *Sandin*, facts related to the
7  conditions or consequences of his placement in Ad-Seg which show "the type of
8  atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at
9  486. For example, in *Sandin*, the Supreme Court considered three factors in determining
10 whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1)
11 the disciplinary versus discretionary nature of the segregation; (2) the restricted
12 conditions of the prisoner's confinement and whether they amounted to a "major
13 disruption in his environment" when compared to those shared by prisoners in the general
14 population; and (3) the possibility of whether the prisoner's sentence was lengthened by
15 his restricted custody. *Id.* at 486-87.

16 Therefore, to establish a due process violation, Plaintiff must first show the
17 deprivation imposed an atypical and significant hardship on him in relation to the
18 ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to
19 allege any facts from which the Court could find there were atypical and significant
20 hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege
21 "a dramatic departure from the basic conditions" of his confinement that would give rise
22 to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also*
23 *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th
24 Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a
25 liberty interest in remaining free of Ad-Seg, and thus, has failed to state a due process
26 claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486
27 (holding that placing an inmate in administrative segregation for thirty days "did not
28 present the type of atypical, significant deprivation in which a state might conceivably

create a liberty interest.").

Finally, Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1985(3). "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  "[T]he language requiring intent to deprive *equal* protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

Here, Plaintiff fails to allege membership in a protected class and fails to allege that any Defendant acted with class-based animus, both of which are essential elements of a cause of action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

**III.   Conclusion and Order**

1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.   The Warden of the Federal Correctional Institution, or his designee, is ordered to collect from Plaintiff's prison trust account $350.00 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS

ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on Warden, FCI Victorville Medium II, Federal Correctional Institution, P.O. Box 5800, Adelanto, California 92301.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: February 16, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties