# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMED ABID AFRIDI, aka Saifullah Durrani, BOP #90278-022,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil No.   06-2445 JM (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 5]** |

On November 2, 2006, Muhammed Abid Afridi aka Saifullah Durrani ("Plaintiff"), a former inmate incarcerated at the Federal Corrections Institution ("FCI") in Adelanto, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). On February 16, 2007, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1).  *See* Feb. 16, 2007 Order at 9.

The Court informed Plaintiff of the deficiencies of pleading identified in his Complaint but

1  allowed him thirty (30) days leave to file an Amended Complaint. *Id.* To date, Plaintiff has not filed
2  an Amended pleading.

3  Instead, on January 2, 2008, this Court received a letter from another inmate at FCI purporting
4  to be Plaintiff's "legal assistant/advisor." Attached to the letter, is a "Motion for Reconsideration," Doc.
5  No. 5, apparently signed by Plaintiff which indicates that his current residence is now in Pakistan. *See*
6  Pl.'s Mot. at 1. Both the letter and the motion were captioned with the case number of S.D. Cal Civil
7  Case No. 06cv0926 L. However, this is the matter brought by Plaintiff in which he has brought a
8  "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255. That matter remains
9  pending before United States District Judge M. James Lorenz.

10  The Motion to Reconsider filed by Plaintiff is clearly seeking reconsideration of the Court's
11  February 16, 2007 Order filed in S.D. Cal. Civil Case No. 06cv2445 JM (AJB). Thus, the Court ordered
12  the Motion to be filed in this matter.

13  **I.    Representation of Plaintiff**

14  David L. Cochran, a federal inmate currently housed at FCI, indicates that he is attempting to
15  "assist Mr. Durrani until such time as he can secure private counsel." *See* letter dated December 16,
16  2007, Doc. No. 5. To the extent that David Cochran seeks to represent Plaintiff, he has no standing, for
17  pro se litigants have no authority to represent the interests of anyone other than themselves. *Warth v.*
18  *Seldin*, 422 U.S. 490, 499 (1975) ("Art. III judicial power exists only to redress or otherwise to protect
19  against injury to the complaining party.... A federal court's jurisdiction therefore can be invoked only
20  when the plaintiff himself has suffered some threatened or actual injury.") (quotations and citation
21  omitted); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also C.E. Pope Equity*
22  *Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that while a nonattorney may
23  represent himself, he has no authority to appear as an attorney for others).

24  **II.   Plaintiff's Motion for Reconsideration**

25      **A.    Standard of Review**

26  The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.
27  However, a motion for reconsideration may be construed as a motion to alter or amend judgment under
28

Rule 59(e) or Rule 60(b).[1]  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.  Discussion**

When the Court dismissed Plaintiff's Complaint, the Court specifically allowed Plaintiff the opportunity to file an Amended pleading to correct the deficiencies of pleading identified by the Court. *See* Feb. 16, 2007 Order at 9.  Plaintiff failed to do so.  Instead, he has filed this Motion in which he requests that the Court "reconsider" its previous ruling or permit him to file an untimely notice of appeal.  In his Motion, Plaintiff maintains that he can "clarify" the claims he brought in his previous Complaint and he should be permitted to proceed with this action and serve the Defendants.  However, many of Plaintiff's claims in his original Complaint failed to state a claim upon which relief could be granted and the Court has already provided Plaintiff the opportunity to clarify these claims.  For whatever reason, Plaintiff did not to file an Amended Complaint.

Thus, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

Alternatively, Plaintiff seeks an extension of time to file a notice of appeal.  There are several

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e).  Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b).  Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

problems with this request.  First, there was no final judgment in this matter because the Court allowed Plaintiff leave to file an Amended Complaint.  Accordingly, there cannot be an appeal without a final judgment.  Second, even assuming that the February 16, 1007 Order was a final judgment, the Court can only extend the time to file a notice of appeal if Plaintiff had brought this motion within thirty (30) days after the time to file the notice of appeal had expired.  *See* FED.R.APP.P. 4(a)(5).  The timely filing of a motion for extension of time to file notice of appeal is a jurisdictional requirement.  *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir. 1986).  Here, Plaintiff has filed this motion ten months after the Court entered its last Order.  Therefore, the Court has no jurisdiction to grant Plaintiff's request.

**III.    Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED** that :

(1)    The Clerk of Court is directed to change Plaintiff's address to House No. 2384, Mohallah Jehangir Pura, Peshawar City, 25000 Pakistan; and

(2)    Plaintiff's Motion for Reconsideration, or in the alternative, Motion for Extension of Time to File Notice of Appeal is **DENIED**.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: February 7, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge